# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROYCE SUNG KWARK,<br><br>　　　　　Petitioner,<br>　v.<br>RON RACKLEY, Warden,<br><br>　　　　　Respondent. | Case No. CV 15-04088 MWF (AFM)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the records on file, the Report and Recommendation of United States Magistrate Judge, petitioner's objections to the Report, and respondent's response to the objections. Further, the Court has engaged in a *de novo* review of those portions of the Report to which petitioner has made objections.

In Grounds One and Two of the Petition, petitioner claims that (1) his trial counsel was ineffective for failing to present evidence impeaching the victim, and (2) the prosecutor presented false evidence about the victim's cell phone being stolen. The crux of petitioner's objections is that it was objectively unreasonable for the California Court of Appeal to deny these claims without further development of the record because petitioner had pled a prima facie case for relief. As respondent points out, however, it would not have been objectively

unreasonable for the California Court of Appeal to conclude that further development was unnecessary in light of the record already before it. *Cf. Nunes v. Mueller*, 350 F.3d 1045, 1055 (9th Cir. 2003) (petitioner had pled a prima facie case for relief where his assertions, taken at face value, were supported by "ample evidence in the record before the state court to support those assertions").

Specifically, with respect to Ground One, the record before the state court reflected that the victim was impeached by petitioner's trial counsel on numerous grounds and that the evidence of petitioner's guilt did not rely solely on the victim's testimony. In particular, items taken from the victim during the attack — her driver's license and forced statement — were later found in petitioner's apartment, and he had no credible explanation for his possession of them. With respect to Ground Two, the record before the state court reflected that the allegedly false evidence about the stolen cell phone, even taken at face value, was not material because the cell phone was only a minor issue as to the victim's credibility, which was impeached on several more significant grounds before the jury. Moreover, the victim was in fact cross-examined about the cell phone. Given this evidence in the record already before the state court, it would not have been objectively unreasonable for the California Court of Appeal to reject petitioner's claims.

IT THEREFORE IS ORDERED that (1) the Report and Recommendation of the Magistrate Judge is accepted and adopted; (2) petitioner's request for an evidentiary hearing is denied; and (3) Judgment shall be entered denying the Petition and dismissing this action with prejudice.

DATED: April 26, 2017

_____
MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE